**IN THE COURT OF APPEALS OF IOWA**

No. 20-0601
Filed August 19, 2020

**IN THE INTEREST OF S.B. and I.B.,**
**Minor Children,**

**A.B., Mother,**
        Appellant,

**J.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District

Associate Judge.

        A father and mother separately appeal the termination of their parental

rights to two children.  **AFFIRMED ON BOTH APPEALS.**

        Susan R. Stockdale, West Des Moines, for appellant mother.

        Gina E.V. Burress of Carr Law Firm, P.L.C., Des Moines, for appellant

father.

        Thomas J. Miller, Attorney General, and Toby Gordon, Assistant Attorney

General, for appellee State.

        Kayla Stratton of Juvenile Public Defender, Des Moines, attorney and

guardian ad litem for minor children.

        Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A father and mother separately appeal the termination of their parental rights to twins, born in 2018. The father contends the State failed to prove the grounds for termination cited by the district court and termination was not in the children's best interests. The mother contends she should have been granted a six-month extension to regain custody of the children.

## I.    *Father*

The department of human services became involved with the family based on an allegation that one of the twins had "brain bleed and unexplained bruising to his face, cheek and shoulder." The child was two months old.

The department issued a founded report against the father for physical abuse with brain damage. The children were removed from parental care and were placed with their paternal grandmother, where they remained throughout the proceedings. They were later adjudicated in need of assistance, and the State eventually filed a petition to terminate parental rights.

Meanwhile, the father pled guilty to child endangerment causing bodily injury and willful injury causing bodily injury and was sentenced to five-year prison terms, with the terms to be served consecutively. The district court suspended the sentence and placed the father on probation but entered an order prohibiting him from having contact with the twin he abused. The order was later modified to permit professionally supervised visits with both children.

The district court terminated the father's parental rights pursuant to several statutory grounds. We may affirm if we find clear and convincing evidence to support any of the grounds. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will

focus on Iowa Code section 232.116(1)(h) (2019), which requires proof of several elements, including proof the children could not be returned to the father's custody.

Although the father offered a certificate reflecting his completion of an anger management course, and he attended "Safe Care" parenting sessions with the children, his visits with the children remained fully supervised. A department employee testified the father had not adequately addressed his frustration, anger, and impulsivity. She stated he was in no position to have the children returned to his custody without department assistance. On our de novo review, we agree with this assessment.

Termination must also serve the children's best interests. *See* Iowa Code § 232.116(2). The father asserts he "acknowledged that his actions were wrong, [took] steps to address his mental health, and expressed remorse for his son's injury." He also notes that he took advantage of services offered by the department. Accepting all these assertions, we nonetheless agree with the department employee overseeing the case that he could not independently ensure the children's safety, which is the primary consideration in a best-interests analysis. *See In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). Based on this record, we affirm the termination of the father's parental rights to the twins.

## II. *Mother*

The department issued a founded child abuse report against the mother for denial of critical care and failure to provide proper supervision in connection with the physical abuse incident described above. The department initiated services to assist her in reunifying with the children. The mother engaged in services but, eventually, her parental rights were terminated.

On appeal, the mother does not challenge the grounds for termination. She raises a single issue: whether the district court should have afforded her six additional months to work toward reunification. *See* Iowa Code § 232.104(2)(b), .117(5). She asserts that she could reunify with the children if the department implemented "an extensive support system" to assist her. But the question here is not whether she will be able to parent the children with support but whether she will be able to parent them independently. The court asked the department employee this precise question. She responded "I don't believe that it's likely." A service provider similarly opined that, although the mother shared "a very strong bond" with the children, she had difficulty caring for both children at once without someone there to assist her, and she would continue to need prompting as the children grew and developed. On our de novo review, we conclude the district court appropriately denied the mother's request for additional time. We affirm the termination of her parental rights to the children.

**AFFIRMED ON BOTH APPEALS.**